FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 2 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES WINBRONE,

NOT FOR PUBLICATION

                                        Plaintiff,

              -against-

Det. VIDOT, Tax #931380, 77 Pct.; Sgt. SOMMER,
77 Pct.; Officer JOHN DOE #1, 77 Pct.; Officer
JOHN DOE #2, 77 Pct.; Officer JOHN DOE #3,
77 Pct.; Officer JOHN DOE #4, 77 Pct.; Officer
JOHN DOE #5, 77 Pct., DA CYRUS VANCE, JR.,
Manh.; RAYMOND KELLY, Commissioner, NYC
Police Dept.; City of New York,

                                        Defendants.
------------------------------------------------------------X

MEMORANDUM
AND ORDER
12-CV-4688 (WFK) (CLP)

KUNTZ, United States District Judge:

On September 14, 2012, plaintiff James Winbrone, currently incarcerated at the George

Motchan Detention Center on Rikers Island, filed this *pro se* action against defendants alleging the

violation of his civil rights. The Court liberally construes this action as brought pursuant to 42

U.S.C. § 1983. Plaintiff seeks damages. The Court grants plaintiff's request to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed as to the City of New York,

Cyrus Vance, Jr. and Raymond Kelly and the claims against the remaining defendants shall be

allowed to proceed as set forth below.

### Background

Plaintiff alleges that on July 17, 2012, he was pulled over by defendants Vidot, Sommer and

other officers from the 77th Police Precinct in Brooklyn. Plaintiff alleges that defendants used

excessive force by "yanking me by my handicapped right arm and slammed me up against the

vehicle while twisting my right arm behind my back and with his forearm hitting me in the back of

my head." *See* Compl., ECF Doc. #1 at p. 6.  Plaintiff further alleges that he was pulled over for a broken tail light and a suspended license, but that he was charged with criminal possession of a controlled substance.  *Id.*  Finally, plaintiff alleges that he has not been provided with an indictment number and has remained at Rikers Island to date based on this false arrest.  *Id.*

## Standard of Review

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court is obliged to construe plaintiff's pleadings liberally and interpret them as arising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Nevertheless, 28 U.S.C. § 1915A requires this court to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard pursuant to §1915A). *See also* 28 U.S.C. §1915(e)(2)(B).

## Discussion

A.   No Municipal Liability

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs of City of New York.*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).

However, neither a mere recitation of a failure to train municipal employees nor of a single incident like that described herein is sufficient to raise an inference of the existence of a custom, policy or practice. *See, e.g., City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Hartnagel v. City of New York*, No. 10 CV 5637, 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012). Furthermore, "a municipality cannot be made liable [under § 1983] by the application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). Rather, plaintiff must "demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).

Even when liberally construed, the complaint cannot reasonably be interpreted as alleging facts sufficient to infer that the City of New York has any pattern, policy, or custom that caused plaintiff to be deprived of a constitutional right. As plaintiff fails to allege facts sufficient to "allow[] [a] court to draw the reasonable inference that the [municipal] defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the complaint is dismissed against the City of New York for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

B.   No Personal Involvement

"It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *see also Iqbal*, 556 U.S. at 677 ("[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

3

Here, plaintiff fails to make any allegations against defendants – the New York County District Attorney Cyrus Vance Jr. and the Commissioner for the New York City Police Department Raymond Kelly – that could suggest they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights when he was arrested on July 17, 2012 or thereafter. *Farrell*, 449 F.3d at 484. Plaintiff's claim against these defendants, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions. *Iqbal*, 556 U.S. at 677. As plaintiff fails to allege facts sufficient to "allow[] [a] court to draw the reasonable inference that the[se] defendant[s] [are] liable for the misconduct alleged," *Id.* at 678, the complaint is dismissed against defendants Vance and Kelly for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against defendants City of New York, New York County District Attorney Cyrus Vance, Jr. and New York City Police Commissioner Raymond Kelly for failure to state a claim. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915 (e)(2)(B). No summons shall issue against these defendants.

The complaint against defendants Detective Vidot, Tax #931380 and Sergeant Sommer, both of the New York City Police Department, 77th Police Precinct, shall proceed. The Clerk of Court shall prepare a summons against these defendants and the United States Marshals Service shall serve the summons, complaint and a copy of this order upon these defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

4

The case shall be referred to Magistrate Judge Pollak for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated:  Brooklyn, New York
        October 2, 2012

5